(48 Misc. Rep. 378.)

### COHN et al. v. PLATT.

(Supreme Court, Appellate Term. October 27, 1905.)

1. CARRIERS—DEATH OF FOWL IN TRANSIT—NEGLIGENCE—EVIDENCE.

The natural and reasonable inference from evidence, in an action for death of fowl in transit, that the shipper put too many in the crates, and that the carrier exercised reasonable and proper care in packing the crates, so that each would receive air, and in handling them, is that the loss occurred from overcrowding, and not from negligence of the carrier.

2. SAME—RECEIVING OVERPACKED CRATES.

A carrier is not negligent in receiving for shipment overpacked crates of fowl for shipment; the shippers, but not the carrier's servants, being expected to be expert on the question of how many fowl could be safely packed in a crate.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Abraham Cohn and another against Thomas C. Platt, as president of the United States Express Company. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Boardman, Platt & Soley (George W. Field, of counsel), for appellant.

Louis Cohen, for respondents.

SCOTT, P. J. There is really little or no dispute about the facts in this case, the only question being as to the deduction to be drawn there-

from. The plaintiffs delivered to the express company of which defendant is president 106 crates of chickens to be carried from Baltimore to New York. One crate was never delivered, and for that defendant admits liability. When the remainder of the crates were delivered, it was found that a considerable number of the fowl were dead, and the controversy in the case arises over the question as to the defendant's liability for these fowl. The evidence seems to establish that the crates holding the fowl were carefully packed in a well-ventilated freight car, in such a manner that each crate would receive air, and that the car was not overheated. The defendant's contention is that the fowl died because they were overcrowded, and not in consequence of any neglect in transit. For this contention the case contains ample justification. The plaintiffs testify that the 106 coops contained 10,695 pounds of fowl, or an average of about 100 pounds per crate. One of the plaintiffs, who qualified as an expert, testified that each fowl would weigh about 4 pounds. This estimate of weight is confirmed by the evidence that 328 dead hens were found to weigh 1,235, or an average of about $3\frac{3}{4}$, pounds. It was also proven that the lost coop contained hens weighing 95 pounds. It may therefore be deemed to be established by plaintiffs' own testimony that each coop contained about 100 pounds of fowl, weighing about 4 pounds each. It follows that there were packed in each coop about 25 hens, which agrees closely with the estimate made by defendant's employés who handled the freight. The evidence of the plaintiff, who testified as an expert, was that it was customary and proper to pack 18 fowls in a coop in cold weather, and not more than 15 or 16 in hot weather.

It must, therefore, I think, be accepted as established by the evidence, first, that the fowl were overcrowded in the packing, and, second, that the defendant exercised reasonable and proper care in packing and handling the crates. The natural and reasonable inference from these facts is that the loss occurred by reason of the overcrowding of the crates, and not in consequence of any negligence on the part of defendant. Under these circumstances the defendant is not liable. Lambert v. Benner, 31 N. Y. Super. Ct. 665; Hayman v. P. & R. R. R. Co., 8 N. Y. St. Rep. 86. The surmise indulged in by the justice that the defendant must have been guilty of negligence in the transportation of the fowl, and upon which he based his judgment, not only finds no support in the evidence, but is directly negatived. There is nothing in the suggestion that the defendant should have declined to receive the overpacked crates. How many fowl could safely be packed in a crate of a given size was largely a matter to be determined by experience and expert knowledge. Such experience and knowledge the shippers might be expected to have, but there is no reason why the defendant's servants should be expert upon such a subject. Upon the whole case we are of opinion that the plaintiffs' judgment should have been limited to the value of the one crate not delivered.

The judgment will therefore be reversed, and a new trial granted, with costs to the appellant to abide the event, unless the plaintiffs will stipulate to reduce the judgment to $18.98, in which event the judgment, as so reduced, will be affirmed, without costs. All concur.